

**EMPIRICAL**
Loss Management, LLC

Phone: 405-241-9474
Fax: 405-212-4309

June 16, 2017

Mr. Adrian Peterson
2 E. Rivercrest Dr.
Houston TX 77042

    Re:    **Assured:**    **Thrivest Specialty Funding II, LLC**
            **Insured:**    **Adrian Peterson**
            **Policy Number:**    [redacted]
            **Policy Term:**    **June 22, 2016-March 22, 2017**
            **Claim No.:**    [redacted]

Dear Mr. Peterson:

We are writing on behalf of Certain Underwriters at Lloyd's, London ("Underwriters") who issued coverage to the above Insured pursuant to policy [redacted](the "Policy"). UNDERWRITERS has appointed Empirical Loss Management to assist UNDERWRITERS in the investigation and adjustment of this claim. As such, UNDERWRITERS requests that you continue to fully cooperate with efforts in obtaining the information necessary for UNDERWRITERS to fully evaluate your claim.

The Policy was issued to Thrivest Specialty Funding II, LLC as the Assured, and you as the Insured. The policy was issued to cover "Accident and Sickness Permanent Total Disability." Your occupation is listed as "NFL Player." The policy term is from June 22, 2016 to March 22, 2017Aggregate Limit of Indemnity is $3,000,000.

At this time, the only information provided to UNDERWRITERS regarding your claim is a Disability Insurance Claim Form, and a copy of your NFL contract. UNDERWRITERS' understanding is that you are filing a claim under Interest Section B, for Loss of Value coverage, only. If you are filing your claim under another portion of the policy, please advise UNDERWRITERS immediately. UNDERWRITERS's understanding is that your claim is based upon the following injury:

        A)    September 18, 2016 torn lateral meniscus of the right knee during a football game against the Green Bay Packers, when you were playing for the Minnesota Vikings. Surgery was required to repair the torn meniscus on September 21, 2016.

No other information or documentation has been provided to assist UNDERWRITERS in evaluating and investigating this claim.

**Please send all correspondence to our home office.**

**California Office**
23801 Calabasas Road
Suite 2025
Calabasas, CA 91302

**Home Office**
750 E Britton Road
Suite 100
Oklahoma City, OK 73114

**New York Office**
150 Broadway
Suite 1200
New York, NY 10038

UNDERWRITERS is aware that after playing for the Minnesota Vikings, you signed a two year contract with the New Orleans Saints on April 28, 2017.  The contract is effective from March 1, 2017 to February 28, 2019.  The total value of the contract is $12,500,000, broken down as follows:

| | |
|---|---|
| 2017 Salary: | $1,000,000 |
| 2018 Salary: | $1,050,000 |
| Signing Bonus: | $2,000,000 |
| Roster Bonus: | $ 750,000 |
| 2018 Per Game Roster Bonus: | $ 400,000 |
| 2018 Weekly Roster Bonuses: | $1,250,000 |
| League Year Club/Indiv Performance Incentives: | $5,500,000 |
| 2018 Off-Season Workout Bonus: | $ 50,000 |

At this point in the investigation of the claim, UNDERWRITERS has very limited information upon which to make a coverage determination regarding your claim. UNDERWRITERS is investigating this claim under a full reservation of rights, as set forth below.

## POLICY LANGUAGE AND SPECIFIC RESERVATIONS

UNDERWRITERS' policy contains certain potentially relevant policy language.  This language is referenced below, however this is not a full recitation of all policy terms and conditions.  We refer you to a complete copy of the policy for a full recitation of all policy terms and conditions.

The policy specifies the following Interest:

This Insurance is to indemnity the Insured:

### Section B) – Loss Of Value

For his **Aggregate Ascertained Loss**, up to, but not exceeding the Limit of Indemnity, should the Insured not receive an **Offer** from a Professional American Football Team that Totals USD 12,000,000 or more of **Compensation** based on a 3 year contract (USD 4,000,000 per year irrespective of whether the contract is paid evenly over the number of years, for the purposes of this policy it is deemed to be paid evenly.) \* or ***pro rata*** *in the event of a short or longer duration contract.*

Solely and directly as a result of Injury or Illness occurring during the period of Insurance, subject always to the terms, Warranties, Conditions and Exclusions contained herein or endorsed hereon.

*\*Example, based on the above USD 4,000,000 per year, should the insured sign a contract of:-*

*USD 9,000,000 over 3 years - USD 3,000,000 per year, the policy would pay USD 1,000,000 per year of contract signed. Total payable USD 3,000,000*

*USD 6,000,000 over 2 years - USD 3,000,000 per year, the policy would pay USD 1,000,000 per year of contract signed. Total payable USD 2,000,000*

*USD 3,000,000 over 1 year - USD 3,000,000 per year, the policy would pay USD 1,000,000 per year of contract signed. Total payable USD 1,000,000*

***Alternatively****, should the insured sign a contract of:-*

*USD 6,000,000 over 3 years - USD 2,000,000 per year, although the shortfall between the expected and actual contract is USD 2,000,000 per year, the policy will only pay USD 1,000,000 per year so the total payable is USD 3,000,000.*

*USD 6,000,000 over 1 year – There is no shortfall as the contract offer is greater than the USD 4,000,000 per year so no benefit will be payable.*

***In no event can the Insured make a claim under both Sections A & B of this policy. The maximum claim payable therefore being limited to USD*** 3,000,000 ***for the policy period****.* . . .

In relevant part, the policy defines "Aggregate Ascertained Net Loss" as follows:

**Aggregate Ascertained Loss** means the difference between the **Offer** as stated in the insuring agreement and the actual **Compensation** included in the largest **Offer** made by a **Professional American Football Team** or pro rata if a shorter or longer term. Noting the maximum payable is dependent up on the length in years of the Actual **Offer.**

> It is understood and agreed that there can be no claim under this Insurance with respect to Section B if the Compensation made by a Professional American football team is greater than or equal to the **Offer**, as stated in the insuring agreement.
>
> It is further understood and agreed that there can only be a valid and collectible claim under this Insurance if the **Offer** made by a Professional American Football Team is lower than the **Offer**, as stated in the insuring agreement. The amount payable will be dependent upon length in years of the Actual **Offer**.

To the extent that the claimed loss does may not fulfill the requirements of an "Aggregated Ascertained Net Loss" as set forth above and in the policy, UNDERWRITERS hereby fully reserves all of their rights and defenses. Nothing contained herein should be considered an admission of liability in this regard or a waiver of any rights or defenses.

The policy also contains the following potentially relevant definitions:

> **"Injury"** means:
> With respect to Interest under Section B, Accidental bodily injury sustained by the **Insured** during the period of this Insurance which requires:

    *i)*       the **Insured** to be placed on the official NFL **Injured Reserve list**,
    *ii)*      medical treatment by a **Physician**,
    *iii)*     in the opinion of the **Physician**, the **Insured's** Injury has negatively affected the **Insured's** skills permanently as a Professional American Football Player

**Illness** means:
With respect to Interest under Section B, Illness first manifested in the **Insured** during the period of this Insurance which requires:

    *i)*       the **Insured** to be placed on the official NFL **Injured Reserve list**,
    *ii)*      medical treatment by a **Physician**,
*iii)*     in the opinion of the **Physician**, the **Insured's** Illness has negatively affected the **Insured's** skills permanently as a Professional American Football Player

**Physician** means a licensed healthcare practitioner, other than the Insured or a member of the Insured's immediate family, providing services or treatment within the scope of his or her license.

**Compensation** means money, property, investments, loans, options or anything else of value, whether or not in cash, regardless of when paid, including, but not limited to, **Salary** and **Signing Bonus** included in an **Offer** made by a Professional American Football Team, including **Performance**, **Roster** and **Reporting Bonuses**

**Salary** means **Compensation**, regardless of when paid, for playing Football for a **Professional American Football Team**, excluding **Signing**, **Reporting**, **Roster** and **Performance Bonuses**

**Signing Bonus m**eans Compensation, regardless of when paid, for signing a contract with a **Professional American Football Team** or any other activity not contingent upon the Insured attaining or surpassing a particular level of performance

**Reporting Bonus m**eans Compensation, for reporting to training camp or any other activity not contingent upon the Insured attaining or surpassing a particular Level of performance

**Roster Bonus** means Compensation, for making the roster or any other activity not contingent upon the Insured attaining or surpassing a particular level of performance

**Performance Bonus** means Compensation, contingent upon the Insured attaining or surpassing a particular level of performance

**Offer** means a proposal to play Football for a **Professional American Football Team** made to the Insured or his agent/ representative within the policy period or within 15 months thereafter and being after the date of **Injury** or **Manifestation** of Illness (being the subject of a claim) whether signed and agreed by the Insured or otherwise.

> In the event that an **Offer** is made that is subject to the completion of a Professional American Football Team Physical;
>
> i)   If that physical was subsequently failed, then this will not count as an **Offer** according to the terms of the policy
> ii)  If the **Professional American Football Team** then reduces the **Offer** to the player solely due to the findings of the physical, then the new lower **Offer** will replace the original in all matters relating to the policy.
>
> **Professional American Football Team** means a recognized Professional American Football Team.

UNDERWRITERS fully reserves all of their rights and defenses regarding the applicability of any and all of the above referenced policy definitions.  Nothing contained herein shall be considered a waiver of any of those rights and/or defenses.

The policy contains the following potentially relevant Conditions and Other Provisions:

1. If a claim is filed under this Insurance Underwriters reserve the right to require the Insured to be examined by Underwriters Physicians. The Insured agrees to cooperate and to submit to all reasonable medical tests Underwriters' physicians may require.

2. It is understood and agreed that this Insurance is subject to receipt and approval by Underwriters of a copy of the Insured's most recent team physical, a satisfactory Medical History Questionnaire completed by the Insured   and premium payment within 30 days from inception. These documents will attach to and form part of this Insurance.

   \*\*\*

13. It is understood and agreed that once a Professional American Football Team makes an Offer, it will be considered a valid Offer under this Insurance, even if the Offer is subsequently rejected or withdrawn or the Offer expires

    \*\*\*

15. If there are differences arising out of this Insurance and the Insured and Underwriters agree to arbitrate the differences, all differences arising out of this Insurance shall be referred to the decision of an Arbitrator to be appointed in writing by the parties in difference or if they cannot agree upon a single Arbitrator to the decision of two Arbitrators, one to be appointed in writing by each of the parties within 30 days after having been required in writing to do so by either of the parties. The two Arbitrators shall appoint an Umpire who shall sit with the Arbitrators and preside at their meetings. If the Arbitrators do not agree within 60 days of their appointment then the Umpire shall make the award within 60 days.

      If the parties agree on an Arbitrator the cost will be split equally between the parties. If the parties cannot agree on a single Arbitrator then each party will be responsible for the cost of the Arbitrator they have selected and will split equally the cost of the Umpire.

To the extent that you may not have fully complied with these provisions, UNDERWRITERS fully reserves all of its rights and defences.  To the extent a physical examination may become necessary during the course of the investigation of this claim, UNDERWRITERS fully reserve all of their rights to utilize this particular clause.  Nothing contained herein shall be deemed a waiver of UNDERWRITERS's rights and defenses pertaining to this particular clause.

To the extent that you have not fully complied with these provisions and may not have adequately provided proper proof of injury(ies), UNDERWRITERS fully reserves all of its rights and defenses. UNDERWRITERS fully reserves all of their rights and defenses regarding the applicability of any and all of the above referenced conditions.  Nothing contained herein shall be considered a waiver of any of those rights and/or defenses.  UNDERWRITERS requests that you provide a list of all physicians that have treated you over the past 4 years and sign and return the attached HIPAA compliant release and authorization to allow UNDERWRITERS to obtain all relevant medical documentation pertaining to your claimed injury.

      The policy also contains certain potentially relevant exclusionary language, as follows:

1. The **Insured;**
   (a) Being under the influence of alcohol, as defined by the motor vehicle laws of the state/province/country in which this Policy was delivered;

   (b) Being under the influence of drugs or narcotics that are not lawfully available, unless prescribed for the **Insured** by a qualified **Physician**;

   (c) Using any drugs or substances in violation of the rules or regulations of the governing body of the sport in which the **Insured** plays;

5. The **Insured's** use of performance enhancing substances, including but not limited to anabolic steroids, stimulants and corticosteroids, regardless of whether or not prescribed by a qualified health care practitioner;

6. Any practices or activities excluded by the **Insured's** professional sports contract in connection with his occupation as stated in the Schedule;

7. Conditions of psychotic, psychoneurotic or epileptic origin;

8. Osteoarthritis, arthritis or any other degenerative process of the joints, bones, tendons or ligaments.

      \*\*\*

14. The Insured is not placed on the **Injured Reserve List** in respect of Section B only

…

UNDERWRITERS fully reserves all of its rights and defenses regarding the applicability of the above referenced policy exclusions. Nothing contained herein shall be considered an admission of liability and/or a waiver of either of the above referenced exclusions to coverage.

The policy also contains the following Exclusionary Endorsement:
It is hereby agreed and acknowledged that the …Certificate shall:
Exclude any disorder of, injury to the spine, its intervertebral discs, nerve roots or supporting musculature.

UNDERWRITERS fully reserves all of its rights and defenses regarding the applicability of the above referenced policy endorsement. Nothing contained herein shall be considered an admission of liability and/or a waiver of either of the above referenced exclusions to coverage

### **CONCLUSION AND GENERAL RESERVATION**

UNDERWRITERS is continuing their investigation in this regard pursuant to a full reservation of rights. UNDERWRITERS request the Insured's continued cooperation in providing the information and/or access to the information necessary for UNDERWRITERS to investigate and adjust this claim, including but not limited to the following:

1. A copy of all information provided during the placing of this risk to UNDERWRITERS;
2. A copy of any and all offers you received from any professional football team;
3. A complete list of all physicians that have treated you over the past 4 years; and
4. A completed HIPAA compliant medical authorization allowing Empirical Loss Management to obtain all necessary medical documentation.
5. A completed Agent Authorization allowing Empirical Loss Management to communicate with SureSports.

This list of requested information is not exhaustive and UNDERWRITERS reserves the right to supplement this list and request additional information if necessary. If you have any questions in this regard, please feel free to contact the undersigned directly.

This letter is not intended to be, nor shall it be construed as, a waiver by UNDERWRITERS of any of the terms or conditions of the subject policy of insurance. Furthermore, this letter is not intended to be, nor shall it be construed as, a waiver of any rights or defenses UNDERWRITERS has, or may have, whether those rights or defenses are based upon facts now known or to become known in the future, and whether legal or equitable in nature. Lastly, this letter is not intended to be, nor shall it be construed as, an admission of liability by UNDERWRITERS to any person or entity.

UNDERWRITERS reserves the right to amend the aforementioned reservations as additional information is developed through investigation. Under the circumstances, this letter is

to make clear that any acts of investigation that are performed regarding this claim are done without prejudice to any of UNDERWRITERS' rights under the policy's provisions, conditions, limitations, exclusions and or endorsements including those stated in this letter and that this investigation is being conducted without a waiver of its rights.

UNDERWRITERS' position is based upon information and materials contained in their file at this time, and is not intended as an exhaustive recitation of all of the provisions of UNDERWRITERS' policy that might apply. UNDERWRITERS specifically reserves the right to amend or supplement the position taken in this letter based upon information not yet provided to or developed by UNDERWRITERS. All rights in connection with this loss are expressly reserved, whether asserted herein or not.

Sincerely,

Mary Ann Camp

Encl.

cc:   Hanleigh, via email only, w/o enclosures
      Suresports, via email only