IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DEANGELO VEHICLE SALES, LLC | : | CIVIL ACTION |
| Plaintiff | : | Case No. 0:18-cv-61402 |
| v. | : | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**

Moving Defendants, Certain Underwriters at Lloyd's, London (hereinafter "Lloyd's"), by and through their attorneys, submit this Reply Memorandum of Law in response to plaintiff's opposition and in further Support of their Motion to Dismiss the Complaint filed by DeAngelo Vehicle Sales, LLC (hereinafter "DeAngelo"), or, in the alternative, Transfer Venue to the United States District Court, Eastern District of Pennsylvania.

**I.    INTRODUCTION**

While Lloyd's will address each of the matters raised in DeAngelo's Opposing Memorandum of Law [Document No. 9], the primary issue in this action involves the interpretation of an insurance policy (the "Policy") on which DeAngelo attempts to base its claim, and appended to its complaint as Exhibit "A." Dismissal for failure to state a claim is not "premature," as DeAngelo claims in its Opposing Memorandum, and the Court is entitled to interpret the Policy at this stage in the litigation to determine whether DeAngelo's claim for benefits should be dismissed as a matter of law.

1255536v.1

In reviewing a motion to dismiss, a court must limit its consideration "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004) (emphasis added). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007). Additionally, if the appended document reveals facts that foreclose recovery as a matter of law, the complaint must be dismissed. Id.

As the Southern District of Florida recently held, "Courts routinely dismiss complaints for failure to state a claim when a review of the insurance policy and the underlying claim for which coverage is sought unambiguously reveals that the underlying claim is not covered." Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 143 F. Supp. 3d 1283, 1291 (S.D. Fla. 2015) (citing, *inter alia*, Zodiac Grp., Inc. v. Axis Surplus Ins. Co., 542 F. App'x 844, 845 (11th Cir. 2013). (affirming dismissal of complaint because the "plain language of the Policy precluded coverage" for the underlying claim); David Lerner Assocs., Inc. v. Philadelphia Indem. Ins. Co., 934 F. Supp. 2d 533, 536 (E.D.N.Y 2013) aff'd, 542 F. App'x 89 (2d Cir. 2013) (granting motion to dismiss under Rule 12(b)(6) because the "unambiguous language of the professional services exclusion" applied to bar coverage for the underlying litigation); Roberts v. Florida Lawyers Mut. Ins. Co., 839 So. 2d 843 (Fla. Dist. Ct. App. 2003) (affirming dismissal of breach of contract complaint when policy did not provide coverage for the underlying claim); Brewer v. U.S. Fire Ins. Co., 446 F. App'x 506, 508 (3d Cir. 2011) (affirming dismissal under Rule 12(b)(6) because employee indemnification exclusion precluded coverage for underlying suit); In re: Chinese Manufactured Drywall Prods. Liab. Litig., 759 F. Supp. 2d 822, 835 (E.D. La. 2010) (granting motions to dismiss because policies' exclusions barred coverage and noting that "courts

in this circuit routinely consider policy exclusions in resolving motions to dismiss"); <u>Florida Farm Bureau Gen. Ins. Co. v. Ins. Co. of North Am.</u>, 763 So. 2d 429, 432 (Fla. Dist. Ct. 2000) ("Thus, the applicability of policy exclusions contained in a policy attached as an exhibit may be raised by a motion to dismiss when the allegations of the complaint clearly show that the exclusions do apply.")).

Finally, the interpretation of insurance policies, like the interpretation of all contracts, is a question of law for the court to decide.  <u>See Goldberg</u>, 143 F. Supp. 3d at 1292.  No amount of discovery or amendments to pleadings will change the express language of the Policy.  Even if all of DeAngelo's allegations set forth in the complaint are accepted as true, the clear and express language of the Policy does not entitle DeAngelo to benefits.  In sum, this matter is ripe for judgment and DeAngelo's complaint should be dismissed for failure to state a claim.

**DISCUSSION**

**A.  DeAngelo has no Rights Under the Policy and Lacks Standing to Sue**

As discussed more fully in Lloyd's original motion, the Assured listed in the Policy is Thrivest Specialty Funding III, LLC ("Thrivest III").  *See a true and correct copy of the Policy attached to Lloyd's Original Motion as Exhibit "C."*  The entity that assigned its rights in the Policy to DeAngelo, however, is Thrivest Specialty Funding, LLC ("Thrivest"), a separate and distinct entity from Thrivest III.  *See a true and correct copy of the Letter Agreement between DeAngelo and Thrivest Specialty Funding, LLC attached to Lloyd's Original Motion as Exhibit "H."*  The express language of the Policy does not provide any rights, title or interest to Thrivest, in any capacity, and DeAngelo does not allege that Thrivest held any rights, title or interest in the Policy at the time the alleged assignment was given.  In sum, DeAngelo took an assignment from an entity that did not have any rights, title or interest in the Policy to assign.

DeAngelo responds that "[w]hile the Letter Agreement mistakenly lists [Thrivest] as the assigning party, it was the parties' intention that [Thrivest III] be listed as the assigning party therein." *See DeAngelo's Opposing Memorandum of Law at 4.* The only basis for DeAngelo's assertion in this regard is that Thrivest and Thrivest III, LLC were founded by the same individual and share an executive. DeAngelo also submits extrinsic evidence in the form of Foreign Registration Statements and a link to a website. *See DeAngelo's Opposing Memorandum of Law at 5.*

[I]n the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the words used in the contract, without resort to extrinsic evidence." Real Estate Value Co., Inc. v. Carnival Corp., 92 So. 3d 255, 260 (Fla. 3d DCA 2012); see also Walgreen Co. v. Habitat Dev. Corp., 655 So. 2d 164, 165 (Fla. 3d DCA 1995) ("When a contract is clear and unambiguous, the court is not at liberty to give contract any meaning beyond that expressed.").

There is no ambiguity in the Letter Agreement. If DeAngelo intended to take an assignment of rights in the Policy from Thrivest III, it should have ensured that the proper entity was identified in the Letter Agreement. In fact, Thrivest III is not even a party to the Letter Agreement, so it is unclear how it could have formed any intent as it relates to the alleged assignment. Additionally, if it was truly the parties' intention for Thrivest III to be identified as the assigning party, they could have simply executed another Letter Agreement to clarify the entity making the assignment. Instead, DeAngelo simply states that Thrivest and Thrivest III are "effectively one and the same" and cites to extrinsic evidence to support its assertion.

DeAngelo may not rely on extrinsic evidence when the express language of the Letter Agreement unambiguously states that Thrivest is the assigning party. Because Thrivest did not

have any rights in the Policy to assign, Plaintiff does not currently possess any rights in the Policy, through assignment or otherwise. Accordingly, Plaintiff lacks standing to sue for breach of the Policy and its complaint should be dismissed for failure to state a claim upon which relief can be granted.

### B. Underwriters Did Not Consent to Assignment in Writing

Even if DeAngelo had received an assignment of rights in the Policy from the proper entity, it has not established that Underwriters consented to the assignment in writing as required by the Policy. *See a true and correct copy of the Policy attached to Lloyd's Original Motion as Exhibit "C" at p. 8.* Rather, DeAngelo relies on an e-mail sent by a representative of Hanleigh Management, Inc. which states that "[a]ccording to our London Contacts, the change on the [Policy] shouldn't be an issue, we will just need a copy of the promissory note." *See DeAngelo's Opposing Memorandum of Law at 4.*

Putting aside the issues of "agency" and "apparent authority," a statement that the assignment "shouldn't be an issue" does not constitute written consent, particularly where DeAngelo does not allege that the promissory note was ever provided to the "London Contacts," a condition upon which the consent appears to have depended. Accordingly, DeAngelo lacks standing to sue for breach of the Policy and its complaint should be dismissed for failure to state a claim upon which relief can be granted.

### C. The Insured, Adrian Peterson, Did Not Sustain an Aggregate Ascertained Loss as That Term Is Expressly Defined in the Policy

In order to qualify for benefits under the Policy, DeAngelo must establish that the Insured, Adrian Peterson, did not receive an **Offer** from a **Professional American Football Team** that totals $12,000,000 or more in **Compensation** based on a three-year contract. i.e. $4,000,000 per year without regard to the timing of **Compensation**. If Peterson received an

**Offer** of less or more than three years, the **Compensation** would be prorated accordingly.  *See Exhibit "C" at p. 4-5*.  Following his injury, Peterson received and accepted an **Offer** from the New Orleans Saints that provided for $12,500,000 in total **Compensation**, inclusive of Salary, **Signing**, **Performance**, **Roster** and **Reporting Bonuses**.  *See Exhibit "C" at p. 5*.  Accordingly, Peterson did not sustain an aggregate ascertained loss as that term is expressly defined in the Policy.

Notably, DeAngelo fails to even address the merits of Lloyd's clear argument regarding the interpretation of the Policy or whether Peterson sustained an Aggregate Ascertained Loss. DeAngelo simply parrots the elements of a breach of contract claim and states that the present motion is "premature."  *See DeAngelo's Opposing Memorandum of Law at 7*.  As discussed more fully in the introduction section, the Court is absolutely within its rights to examine the Policy and determine whether DeAngelo's claim should fail as a matter of law.  Lloyd's is not calling upon the Court to "evaluate the veracity or weight of the potential evidence."  *See DeAngelo's Opposing Memorandum of Law at 7*.  Rather, Lloyd's is simply asking the Court to interpret the Policy according to the plain meaning of the express language, a function that courts routinely perform in the context of motions to dismiss for failure to state a claim.

In sum, this matter is ripe for judgment and DeAngelo's complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

    **D. This Matter Should Be Dismissed on *Forum Non Conveniens* Grounds, or, In the Alternative, Transferred to the United States District Court for the Eastern District of Pennsylvania.**

In its Opposing Memorandum of Law, DeAngelo states that Lloyd's "Motion regarding forum non conveniens is premised entirely on the notion that Defendant is Pennsylvania entity."  *See DeAngelo's Opposing Memorandum of Law at 8*.  DeAngelo completely misconstrues

Lloyd's argument in support of its motion to dismiss on *forum non conveniens* grounds.  In its original motion, Lloyd's noted that <u>Plaintiff</u> is organized and exists under the laws of Pennsylvania and identifies its address as 9 Banks Avenue McAdoo, PA 18237 in the Complaint. Additionally, the Policy was issued in Pennsylvania to an Assured that identified its address as 2 Penn Center, 1500 JFK Boulevard Philadelphia, PA 19103 in the application for Insurance.  *See a true and correct copy of the Sports Insurance Proposal Form attached to Lloyd's Original Motion as Exhibit "K."*  Finally, Plaintiff has not identified any basis under 28 U.S.C. § 1391 to establish that venue is proper in the Southern District of Florida.  Accordingly, Plaintiff has not established in the first instance that venue is proper.

In seeking to establish some tenuous connection between this matter and the State of Florida, DeAngelo notes that a Florida-based company called "Sure Sports Lending, LLC" was involved in the negotiation of the Policy and assignment thereof.  Simply put, involvement by a non-party prior to the litigation is not enough to counterbalance the fact that the Policy was issued in Pennsylvania, to an Assured located in Pennsylvania, that allegedly assigned its interest to a limited liability company organized and existing under the laws of Pennsylvania.

In sum, Plaintiff's choice of venue is improper because it has not established any of the grounds set forth in 28 U.S.C. § 1391.  Even if venue were proper, all of the public and private interests weigh in favor of dismissal or transfer to Pennsylvania.  The Eastern District of Pennsylvania is an adequate and available forum, and DeAngelo may reinstate this matter there without any inconvenience if this Court is not inclined to grant Lloyd's motion to dismiss for failure to state a claim.

## II. CONCLUSION

In light of the foregoing, Moving Defendants, Certain Underwriters at Lloyd's, London, respectfully request that this honorable Court enter an Order granting their Motion to Dismiss DeAngelo Vehicle Sales, LLC's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and/or on *forum non conveniens* grounds. If this Honorable Court does not agree the Complaint should be dismissed at this time, Underwriters respectfully request that this matter be transferred to the United States District Court for the Eastern District of Pennsylvania for all compelling reasons herein.

August 7, 2018                                  Respectfully submitted,

                                                                     **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
100 SE Second Street, Suite 3800
Miami, Florida 33131
(305)374-4400 Telephone
(305) 579-0261 Facsimile

By: */s/ Tanya I. Suarez*
      TANYA I. SUAREZ
      Florida Bar No. 086259
      Tanya.Suarez@wilsonelser.com
      *Counsel for Defendants, Certain Underwriters at Lloyd's, London*

### SERVICE LIST
Darren A. Heitner, Esq.
HEITNER LEGAL, P.L.L.C
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333
Darren@heitnerlegal.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DEANGELO VEHICLE SALES, LLC | : | CIVIL ACTION |
| | : | |
|    Plaintiff | : | Case No. 0:18-cv-61402 |
| | : | |
|    v. | : | |
| | : | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | : | |
| | : | |
|    Defendants. | : | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply Memorandum of Law was electronically served, on **August 7, 2018**, on all counsel or parties of record on the service list.

<u>SERVICE LIST</u>
Darren A. Heitner, Esq.
HEITNER LEGAL, P.L.L.C
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333
Darren@heitnerlegal.com
*Attorneys for Plaintiff*

                                  By: */s/ Tanya I. Suarez*
                                       Tanya I. Suarez