UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-61402-Civ-COOKE/HUNT

DEANGELO VEHICLE SALES, LLC,

    Plaintiff,

vs.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON,

    Defendants.

_____/

## ORDER TRANSFERRING CASE

THIS MATTER is before me upon the Motion of Defendants, Certain Underwriters at Lloyd's, London, to Dismiss or, in the Alternative, Motion to Transfer ("Motion") (ECF No. 8). Having reviewed the Motion, the record and the relevant authorities, and for the reasons set forth herein, the Court determines that this case should be transferred to the District Court for the Eastern District of Pennsylvania.

### I. BACKGROUND

This is a breach of contract case, in which Plaintiff alleges that Defendants have wrongfully denied the payment of benefits due under an insurance policy. *Compl.*, ECF No. 1, at ¶¶ 24–31. Plaintiff is a limited liability company whose sole member, Paul DeAngelo, is a citizen of Pennsylvania. *Resp. to Order to Show Cause*, ECF No. 5, at ¶ 1. Thrivest Specialty Funding III, LLC ("Thrivest"), one of the original holders of the insurance policy that allegedly assigned its rights under the policy to Plaintiff, is a limited liability company located in Pennsylvania. *Mot.*, ECF No. 8, at p. 2. Defendants are a group of syndicates, none of which is incorporated or maintains its principal place of business in either Pennsylvania or Florida. *Id.* Defendants contend, and Plaintiff does not deny, that the insurance policy in this case was "issued in Pennsylvania." *Id.* at p. 14.

In the instant Motion, Defendants move for dismissal of the Complaint on several grounds, including *forum non conveniens*. *Id.* at pp. 9–13. In the alternative, Defendants seek

1

the transfer of this action to the District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). *Id.* at p. 13.

## II. LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Among other possible venues not relevant here, "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2).

"Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013); *see also Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) ("Section 1404(a) 'was drafted in accordance with the doctrine of *forum non conveniens*' to 'permit change of venue between federal courts.'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981))).

"[A] district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations" in order to "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 571 U.S. at 62–63 (quoting 28 U.S.C. § 1404(a)). "Factors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6). "The Court must also give some weight to the plaintiff['s] choice of forum." *Atl. Marine*, 571 U.S. at 62 n.6.

### III. ANALYSIS

In the alternative to their motion for dismissal,[1] Defendants ask the Court to transfer this action to the District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a). *Mot.*, ECF No. 8, at p. 13. Indeed, Defendants question why this action was brought in the Southern District of Florida at all, noting that "[n]o part of the events or omissions giving rise to Plaintiff's claim occurred in Florida," and that Plaintiff's reasons for brining suit in this state are "unknown." *Id.* at pp. 1, 13. By contrast, Defendants point out that the insurance policy in this case was "issued . . . in *Pennsylvania* to [Thrivest], located in *Pennsylvania*, [which] allegedly assigned its interest to [Plaintiff,] a limited liability company organized and existing under the laws of *Pennsylvania*." *Id.* at p. 15 (emphasis added).

Plaintiff offers three arguments in response. First, Plaintiff claims that the insurance policy's service-of-suit clause "mandat[es]" that Defendants "shall submit" to whatever "jurisdiction [is] selected by Plaintiff." *Resp. to Mot.*, ECF No. 9, at pp. 8–9. This argument is perplexing, coming as it does in response to Defendants' Motion, where Defendants have already pointed out that the clause says no such thing. To be sure, the clause states that in a dispute about denial of coverage, Defendants, "at the request of [Plaintiff], will submit to the jurisdiction of a Court of competent jurisdiction within the United States." *Id.* at p. 8 (quoting ECF No. 1-3, at p. 15). However, Defendants point out in their Motion that "the very next sentence" of the clause states: "Nothing in this Clause constitutes or should be understood to constitute a waiver of [Defendants'] right . . . to seek a transfer of [the] case to another Court as permitted by the laws of the United States[.]" *Mot.*, ECF No. 8, at p. 13 (quoting ECF No. 1-3, at p. 15). In short, Plaintiff's principal argument is directly refuted by the plain language of the clause on which Plaintiff relies.

Plaintiff's second argument against transfer is that a plaintiff must be given "great deference in the selection of any . . . forum[.]" *Resp. to Mot.*, ECF No. 9, at p. 9. Once again, Plaintiff's argument is based on selective reading. It is true that "[t]he Court must . . . give some weight to the plaintiff['s] choice of forum," *Atl. Marine*, 571 U.S. at 62 n.6, but such deference is only one of many factors to be considered in ruling on a § 1404(a) motion.

---

[1] Apart from denying the Motion as moot as it relates to dismissal on *forum non conveniens* grounds, the Court does not reach Defendants' arguments for dismissal, which are more appropriately addressed by the District Court for the Eastern District of Pennsylvania. *See infra* Part IV.

Additionally, the Court "must evaluate both the convenience of the parties and various public-interest considerations" and "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62–63 (quoting 28 U.S.C. § 1404(a)). Apart from its third argument, which is addressed next, Plaintiff has failed to explain how any of these factors weigh in favor of keeping this case in the Southern District of Florida. Weighing in favor of transfer, on the other hand, are "all [the] practical problems that make trial of a case easy, expeditious and inexpensive," as well as "the local interest in having localized controversies decided at home," and "the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6).

Plaintiff's final argument is that a third entity, Sure Sports Lending, LLC ("Sure Sports"), "played a substantially active role in the negotiation" of the insurance policy, and that Sure Sports is "located within Broward County, Florida[.]" *Resp. to Mot.*, ECF No. 9, at p. 9. In fact, this appears to be the only reason offered by Plaintiff for electing to bring this action in this District. However, Sure Sports is not a party to this case. Nor was Sure Sports even mentioned in Plaintiff's Complaint, including that part of the Complaint that laid out the alleged basis for "[v]enue . . . within this District." *Compl.*, ECF No. 1, at ¶ 5 (stating only that Defendants must "submit" to Plaintiff's preferred venue, *i.e.* Plaintiff's first argument addressed above). Even crediting the questionable assertion that Sure Sports is "the most important witness" in this case, *Resp. to Mot.*, ECF No. 9, at p. 9, the factors listed above outweigh any inconvenience that Sure Sports might suffer if this case is litigated in the Eastern District of Pennsylvania. As Defendants "[s]imply" put it, "involvement by a non-party prior to the litigation is not enough to counterbalance the fact that the [insurance policy] was issued in Pennsylvania, to an [insured] located in Pennsylvania, that allegedly assigned its interest to a limited liability company organized and existing under the laws of Pennsylvania." *Reply in Supp.*, ECF No. 10, at p. 7.

Accordingly, the Court determines that "[f]or the convenience of [the] parties and witnesses, [and] in the interest of justice," this case should be transferred to the District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 1404(a).

## IV. CONCLUSION

For all of the reasons stated above, it is hereby **ORDERED and ADJUDGED** as follows:

1) The Motion of Defendants, Certain Underwriters at Lloyd's, London, to Dismiss or, in the Alternative, Motion to Transfer (ECF No. 8) is **GRANTED** as it relates to transfer of venue.
2) The Motion (ECF No. 8) is **DENIED** *as moot* as it relates to dismissal of the case on *forum non conveniens* grounds.
3) The Court does not reach the remainder of the Motion, including Defendants' other arguments for dismissal of the Complaint.
4) The Clerk shall **TRANSFER** this matter to the Eastern District of Pennsylvania and **CLOSE** this case.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 16th day of January 2019.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*